## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD E. DUBERRY**<br>7312 Powhatan Street<br>Lanham, MD 20703, | **Case No.: 14-1258** |
| **HAROLD BENNETTE**<br>8300 Hemlock Place,<br>Temple Hills, MD 20748, | **SECTION 1983** |
| **MAURICE CURTIS**<br>706 Quade Street<br>Forest Heights, MD 20745 | **LAW ENFORCEMENT**<br>**OFFICERS SAFETY ACT** |
|     & | |
| **ROBERT L. SMITH**<br>106 Danbury Street, SW<br>Washington, DC 20032 | |
|         *Plaintiffs*, | |
|       v. | |
| **DISTRICT OF COLUMBIA,** | |
| **VINCENT C. GRAY,** In his Official Capacity<br>as Mayor of the District of Columbia,<br>1350 Pennsylvania Avenue, NW, Suite 316<br>Washington, DC 20004 | |
| Serve: Secretary of the District of Columbia<br>1350 Pennsylvania Ave., NW, Suite 419<br>Washington, DC 20004 | |
|     & | |
| **THOMAS N. FAUST**, In his Official Capacity<br>as Director of the District of Columbia<br>Department of Corrections,<br>2000 14th Street, NW, 7th  Floor<br>Washington, DC 20009 | |
|         *Defendants*. | |

## COMPLAINT

## INTRODUCTION

1.   Plaintiffs, Ronald E. DuBerry, Harold Bennette, Maurice Curtis, and Robert L. Smith (collectively referred to herein as "Plaintiffs") have served over 100 years collectively as law enforcement officers for the District of Columbia Department of Corrections ("DCDOC"). During this time they have faithfully served their duties, frequently risking their lives by guarding and transporting some of the country's most dangerous convicts. Upon retirement—in order to protect themselves and their families from potential harm posed by released prisoners who were once under their supervision—these individuals now seek certification under the Law Enforcement Officers Safety Act ("LEOSA"), 18 U.S.C. § 926C,  to carry concealed weapons and to transport those weapons across state lines. LEOSA—as seen in in its legislative history in Congress—was intended to include correction officers and allow them to make their communities safer and to protect them and their families.

2.   Unfortunately, the District of Columbia and DCDOC's Director refuse to recognize these men as law enforcement officers, despite their previous job descriptions, duties, and local law identifying them as such. In spite of their years of service that would qualify them to have a firearms permit under LEOSA, the District of Columbia is improperly asserting that these individuals never qualified as law enforcement officers with arrest authority. This decision by the District of Columbia, its mayor, and the DCDOC's Director has deprived them of their federal rights under LEOSA and their ability to protect themselves and their families.

**JURISDICTION AND VENUE**

3.   Plaintiffs bring this action under the Enforcement Act of 1871, 42 U.S.C. § 1983 ("1983 Act"), and the Law Enforcement Officer Safety Act, 18 U.S.C. §§ 926B & 926C ("LEOSA").

4.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

5.   This Court also has jurisdiction under 42 U.S.C. § 1983 in that this actions seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the District of Columbia and political subdivision thereof, of rights, privileges or immunities securities by the United States Constitution and by Acts of Congress.

6.   This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and further relief pursuant to 28 U.S.C. §2202.

7.   Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

**PARTIES**

8.   Plaintiff Ronald DuBerry is an adult individual and citizen of the United States and resides in Lanham, Maryland.

9.   Plaintiff Harold Bennette is an adult individual and citizen of the United States and resides in Temple Hills, Maryland.

10. Plaintiff Maurice Curtis is an adult individual and citizen of the United States and resides in Forest Heights, Maryland.

11. Plaintiff Robert Smith is an adult individual and citizen of the United States and resides in Washington, District of Columbia.

12. Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States. DCDOC is an agency of the District of Columbia.

13. Defendant Vincent C. Gray is the Mayor of the District of Columbia whose principal place of business is in Washington, D.C. As such, he has a duty to exercise his authority as Mayor in accordance with federal and state law. He is being sued in his official capacity ast Mayor of the District of Columbia.

14. Defendant Thomas N. Faust is the Director of DCDOC. As such, he has a duty to exercise his authority as Director in accordance with federal and state law. He is being sued in his official capacity as Director of the District of Columbia Department of Corrections.

15. Defendant Thomas Faust is a "person" for purposes of 42 U.S.C. § 1983, who is acting under the color of the District of Columbia.

## FACTS RELEVANT TO ALL CLAIMS

### The Law Enforcement Officers Safety Act & Plaintiffs' Duties Thereunder

16. On July 22, 2004, the Law Enforcement Officers Safety Act was enacted into law (108 Public Laws 277; 118 Stat. 865), and later amended by the Law Enforcement Officers Safety Act Improvements Act of 2010 (111 Public Laws 272, S. 1132).

17. LEOSA is designed to establish national measures of uniformity and consistency to permit trained and certified on duty, off duty, and retired law enforcement officers ("RLEO") to carry concealed firearms in most situations so that they may respond immediately to crimes across state and other jurisdictional lines, as well as to protect themselves and their families from vindictive criminals.

18. One of the main purposes of LEOSA is to protect retired or off-duty law enforcement officers from criminals they have previously interacted with while in the line of duty.

4

19. LEOSA mandates that qualified active law enforcement officers and RLEOs be permitted to carry concealed weapons anywhere within the United States. *See* 18 U.S.C. §§ 926(B), 926(C).

20. LEOSA defines a qualified RLEO, in relevant part, to mean an individual who for at least 10 years ". . . was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and had statutory powers of arrest or apprehension . . ." 18 U.S.C. § 926C(c)(2).

21. Plaintiffs are retired correctional officers and, pursuant to LEOSA, RLEOs.

22. As correctional officers of DCDOC, Plaintiffs each worked for DCDOC at least 10 years aggregate.

23. Plaintiffs separated from their service of DCDOC in good standing as employees and as law enforcement officers.

24. Plaintiffs were never found by a qualified medical professional employed by DCDOC to be unqualified for reasons relating to mental health.

25. Plaintiffs are not prohibited from receiving a firearm under federal law.

26. As correctional officers of DCDOC, Plaintiffs supervised in the incarceration of individuals convicted in violation of the laws of the United States and the District of Columbia.

27. As correctional officers of DCDOC, Plaintiffs were trained and authorized to carry firearms.

28. As correctional officers of DCDOC, Plaintiffs possessed the authority to arrest and apprehend, carry concealed weapons, and act in the capacity of law enforcement officers.

29. For example, Plaintiffs' authority to arrest is codified at D.C. Code § 24-405, and has been since Plaintiffs have been employed with DCDOC. This provision states as follows:

5

If said Board of Parole, or any member thereof, shall have reliable information that a prisoner has violated his parole, said Board, or any member thereof, at any time within the term or terms of the prisoner's sentence, may issue a warrant to any officer hereinafter authorized to execute the same for the retaking of such prisoner. *Any officer of the District of Columbia penal institutions*, any officer of the Metropolitan Police Department of the District of Columbia, or any federal officer authorized to serve criminal process within the United States to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States.(Emphasis added)

30. Plaintiffs, as correctional officers of DCDOC, had the ability to serve warrants.

31. Plaintiffs, as they performed their job, had authority to arrest individuals while performing their duties on prison grounds.

32. As correctional officers of DDOC, Plaintiffs interacted daily with inmates, many convicted for violent crimes.

33. After retirement, Plaintiffs frequently encountered former inmates in public. In several of these encounters, the former inmates would recognize the Plaintiffs as a former correctional officer and sometimes make threats, and/or threatening gestures (e.g. pointing their index finger at Plaintiffs to make a "shooting" gesture) toward Plaintiffs. During many of these encounters, Plaintiffs felt palpable threats to the safety of their families and themselves.

34. D.C. Code § 22-2106(b) specifically defines officers of the DCDOC as law enforcement officers, stating "[l]aw enforcement officer means … The Director, deputy director, and officers of the District of Columbia of Corrections[.]"

35. D.C. Code § 22-4505 (formerly D.C. Code § 22-3205), D.C.'s statute on exceptions to illegal firearm possessions, states "[m]arshals, sheriffs, prison or jail wardens, or their deputies,

policemen or other duly appointed law enforcement officers" are exempt from the requirements of § 22-4504(a), which forbids the carrying of concealed weapons.

36. D.C. Code § 22-4505 clearly categorizes "prison or jail wardens" i.e. correctional officers, with policemen and other law enforcement officers.

37. The interpretation of D.C. Code § 22-4505 in Paragraphs 35 and 36 has been affirmed by the Court of Appeals District of Columbia Circuit in *U.S. v. Pritchett*, 470 F.2d 455 (D.C. Cir. 1972).

38. Moreover, on January 31, 2005, the Office of the Attorney General for the District of Columbia released a memorandum to the directors of several federal agencies, including the Bureau of Prisons ("BOP"), explicitly stating that retired employees of said agencies may qualify as a law enforcement officer for the purposes of LEOSA.

39. Plaintiffs, as correctional officers of DCDOC, shared much of the same responsibilities and dangers as correctional officers of the BOP. In fact, at one point Plaintiffs were considered federal law enforcement officers who transported federal prisoners.

40. Plaintiffs frequently worked alongside and in cooperation with BOP correctional officers.

41. Plaintiffs' duties as correctional officers included: transporting inmates across state borders; being trained in firearms; carrying firearms; manning the guard towers with assault weapons; ensuring the safety and security of the area surrounding the correctional facilities as well as the locations the inmates were transported; locating and detaining escaped inmates; and protecting dignitaries and officials that were in the vicinity of prisoners.

42. The application procedure for a retired law enforcement officer to attain a permit for possession of a concealed firearm pursuant to LEOSA is as follows:

a. In all jurisdictions, to carry a concealed firearm as a RLEO, two requirements need to met: the RLEO must (i) be issued photographic identification by the agency from which he/she retired; and (ii) show that he/she has been tested and meets active duty standards for carrying the firearm in question within the past 12 months of the application.[1] *See* 18 U.S.C. § 926C(a)-(d).

b. In the state of Maryland generally, a RLEO may obtain a certificate to carry a concealed firearm pursuant to LEOSA through the Department of State Police if the above requirements have been met.

c. In Prince George's County, Maryland specifically, a RLEO has to be certified first by his or her former agency and then may receive qualified firearms training from an instructor who has been certified by the State of Maryland.

d. In the District of Columbia, a RLEO has to be certified first by his or her former agency and then may receive qualified firearms training from an instructor who has been certified by the District..

43. On or about November 13, 2012, Plaintiff DuBerry submitted a Certifications of Prior Law Enforcement Employment to DCDOC, which asked DCDOC to certify that he was a retired law enforcement officer pursuant to LEOSA.

44. On or about December 16, 2012, DCDOC's Human Resource Officer rejected the Certification of Plaintiff DuBerry by indicating that Mr. DuBerry was not a law enforcement officer. Specifically, the Human Resource Officer checked the box for "No" when asked "Was the applicant authorized to engage in or supervise the prevention, detection, investigation or prosecution of, or the incarceration of any person for, any violation of law, and did he/she have

---

[1] The firearm standards are to be determined by either the former agency or the state where the RLEO resides. *See* 18 U.S.C. § 926C(c)(4).

statutory powers of arrest?" A true and correct copy of the rejected Certification form is attached hereto and made a part hereof as Exhibit "1".

45. On or about February 26, 2013, undersigned counsel spoke with Mr. Mitchell Franks, DCDOC Human Resources Officer, who told undersigned counsel that Defendant Faust will not sign off on any DCDOC employee for getting a permit.

46. On February 28, 2013, in e-mail correspondence to undersigned counsel, Defendant Faust denied that correctional officers of DCDOC were law enforcement officers in an email written to Plaintiffs' undersigned counsel. He stated that:

> "[c]orrectional officers do not meet the full criteria and definition required by "LEOSA" -  the statutes cited do not provide correctional officers with law enforcement status and arrest authority, nor are there any other provisions in the D.C. Code that do.   DCDOC is not required to certify current or retired correctional officers as law enforcement officers under "LEOSA", for the purposes of qualifying to carry a concealed weapon as they are not law enforcement officers with arrest authority as defined and required by the statute."

47. On or around May 31, 2013, in an effort to informally resolve this matter, undersigned counsel contacted staff for the D.C. City Council's Committee on the Judiciary and Public Safety to ask for assistance in the matter. In response, on June 5, 2013, said staff contacted undersigned counsel and stated that DCDOC counsel with the Office of the Attorney General for the District of Columbia, upon review of the matter, that DCDOC correctional officers do not have law enforcement status and arrest authority.

48. On or about April, 14, 2014, Plaintiffs Bennette, DuBerry and Curtis submitted their respective Certifications of Prior Law Enforcement Employment to DCDOC through its Human Resources Department.

49. On April, 29, 2014, Plaintiff Smith submitted his respective Certifications of Prior Law Enforcement Employment to DCDOC through its Human Resources Department.

50. On May 21, 2014, subsequent to these applications, DCDOC's Chief of Human Resource Management, sent an e-mail to undersigned counsel that repeated, verbatim, Defendant Faust's statement from his February 28, 2013 e-mail.

51. All Plaintiffs have photo identification identifying them as retired employees of DCDOC.

52. As of the date of this filing, Defendants have failed to recognize Plaintiffs' as retired law enforcement officers under LEOSA and certify as such, thus still denying Plaintiffs' right to carry a concealed firearm under the federal statute.

53. On or about June 12, 2014, Plaintiffs, through undersigned counsel, pursuant to D.C. Code § 12-309, gave notice to Defendants District of Columbia and Gray of the approximate time, place, cause, and circumstances of the injuries sustained.

54. Since their retirements, Plaintiffs and their families have experienced direct threats from individuals whom they had transported, detained, or guarded.

### Mr. Ronald DuBerry's Factual Background

55.  Plaintiff Ronald DuBerry began his service at DCDOC as a correctional officer on or about May 13, 1985.

56.  Plaintiff DuBerry, as a correctional officer, was issued a photo identification card from DCDOC that unequivocally states his status as a law enforcement officer with the authority to be makes arrests and carry a concealed firearm, citing D.C. Code §§  22-3205 (now 22-4505) and 24-205 (now 24-405).

57.  Plaintiff DuBerry retired from service from DCDOC on March 18, 2002 in good standing as a Captain.

**Mr. Harold Bennette's Factual Background**

58. Plaintiff Harold Bennette began his service at DCDOC in November 1978, as a correctional officer.

59. Plaintiff Bennette, as a correctional officer, was issued a photo identification card from DCDOC that unequivocally states his status as a law enforcement officer with the authority to be makes arrests and carry a concealed firearm, citing D.C. Code §§ 22-3205 (now 22-4505) and 24-205 (now 24-405).

60. Plaintiff Bennette retired from service from DCDOC on December 31, 1999 in good standing as a Lieutenant.

**Mr. Maurice Curtis' Factual Background**

61. Plaintiff Maurice Curtis began his service at DCDOC inn November 17, 1974 as a correctional officer.

62. Plaintiff Curtis, as a correctional officer, was issued a photo identification card from DCDOC that unequivocally states his status as a law enforcement officer with the authority to be makes arrests and carry a concealed firearm, citing D.C. Code §§ 22-3205 (now 22-4505) and 24-205 (now 24-405).

63. Plaintiff Curtis retired from service from DCDOC on August 31, 1999 in good standing as a Sergeant.

**Mr. Robert Smith's Factual Background**

64. Plaintiff Robert Smith began his service at DCDOC in July 1983 as a correctional officer.

65. Plaintiff Smith, as a correctional officer, was issued a photo identification card from DCDOC that unequivocally states his status as a law enforcement officer with the authority to be

makes arrests and carry a concealed firearm, citing D.C. Code §§ 22-3205 (now 22-4505) and 24-205 (now 24-405).

66. Plaintiff Smith retired from service from DCDOC on April 29, 2008 in good standing as Sergeant.

67. In the spring of 2012, Plaintiff Smith was fired upon while taking out the garbage at his home by someone who he believes to have been a former inmate he interacted with while at DCDOC.

**COUNT I**
**42 U.S.C. § 1983 VIOLATION OF FEDERAL RIGHTS GRANTED BY 18 U.S.C. §
926C (LEOSA) UNDER COLOR OF LAW – REQEST FOR INJUNCTIVE RELIEF –
AGAINST ALL DEFENDANTS**

68. Plaintiffs incorporate paragraphs 1-67 as if fully alleged herein.

69. Plaintiffs further allege that LEOSA grants retired law enforcement officers - including those who have retired from the Amtrak Police Department, the Federal Reserve, and law enforcement officers of the executive branch of the Federal Government – the right to carry concealed firearms, including the right to carry them across state lines with the proper permit. 18 U.S.C. § 926C.

70. Plaintiffs, as qualified RLEOs are entitled to this right granted by LEOSA. This is a federal right that is due protection under 42 U.S.C. § 1983.

71. LEOSA does not foreclose a remedy under 42 U.S.C. § 1983.

72. By denying certification as retired law enforcement officers to Plaintiffs, Defendants deprived Plaintiffs of their right to carry concealed firearms under LEOSA.

73. Said denial has rendered Plaintiffs and their families defenseless against potential threats posed by released prisoners that they had interacted with daily during their service at DCDOC.

74. Denying certification to Plaintiffs was an unabashed disregard of LEOSA and its

purpose, and sets dangerous precedent in which the director of a state agency ignores federal

legislation without consequence.

75. Legislative history unequivocally shows that the Congressional drafters of LEOSA

intended the statute to be able to attain a permit in order to protect themselves, their families, and

their communities well after they retire. *See* H.R. Rep. No. 108-560, at 3-4 (2004).

76. Defendants' aforementioned actions, policies, practices, and customs resulted in

deprivation of Plaintiffs' federal rights.

77. Plaintiffs seek injunctive relief directing Defendants to certify Plaintiffs as RLEO for the

purposes of LEOSA.

WHEREFORE, the premises considered, Plaintiffs request the relief as set forth below.


**COUNT II**
**DECLARATORY RELIEF FOR 42 U.S.C. § 1983 VIOLATION OF FEDERAL**
**RIGHTS GRANTED BY 18 U.S.C. § 926C (LEOSA) UNDER COLOR OF LAW –**
**AGAINST ALL DEFENDANTS**

78. Plaintiffs incorporate paragraphs 1-77 as if fully alleged herein.

79. A present and actual controversy exists between Plaintiffs and Defendants concerning

their rights, respective duties, and Plaintiffs' previous job duties and job descriptions.

80. A present and actual controversy exists between Plaintiffs and Defendants concerning

whether Plaintiffs are RLEOs under LEOSA.

81. Plaintiffs contend that they are RLEOs under LEOSA, and that they meet the full criteria

and definitions under LEOSA.

82. There is further present and actual controversy existing between Plaintiffs and

Defendants concerning whether Plaintiffs had law enforcement status and arrest authority and

whether they had such status or authority pursuant to D.C. Code, administrative orders, or otherwise.

83. Plaintiffs seek declaratory judgment by the Court stating Plaintiffs were qualified RLEOs for purposes of LEOSA

84. Plaintiffs seek declaratory judgment by the Court stating that Defendants denied them their federal rights granted by LEOSA.

WHEREFORE, the premises considered, Plaintiffs request the relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered above, Plaintiffs respectfully request and pray that this Honorable Court order the following relief given Defendants' violation of federal rights of Plaintiffs pursuant to 42 U.S.C. § 1983:

A. Enter an Order directing the District of Columbia, Mayor Vincent Gray (or his successor), in his official capacity as Mayor of the District of Columbia, and Thomas Faust (or his successor), in his official capacity as the Director of District of Columbia Department of Corrections, to certify and/or acknowledge Plaintiffs as retired law enforcement officers for the purposes of the Law Enforcement Officer Safety Act, 18 U.S. Code § 926C;

B. Make the above Order permanent and that such Order may be applicable to all future former D.C. Department of Correction Officers who otherwise meet the qualifications of LEOSA;

C. An Order granting declaratory relief such that Plaintiffs are retired law enforcement officers for the purposes of the Law Enforcement Officer Safety Act, 18 U.S. Code § 926C;

14

D.  An Order granting such other injunctive and declaratory relief as may be appropriate;

E.  Award Plaintiffs reasonable attorney's fees, costs and expenses of suit incurred

     pursuant to 42 U.S.C. § 1988(b); and

F.  Other and further relief as the Court may deem just and proper.


Respectfully submitted,

GOWEN GROUP LAW OFFICE, PLLC

/s/ Willaim J. Phelan, IV

William J. Phelan, IV, Esq.
DC Bar No.: 983139
1015 15th  St. NW, Suite 1110
Washington, D.C. 20005
Tel: (202) 380-9355
Fax: (202) 499-1370
william.phelan@gowengroup.com

/s/ F. Peter Silva, II
F. Peter Silva II, Esq.
D.C. Bar. No: 1010483
1015 15th  St. NW, Suite 1110
Washington, D.C. 20005
Tel: (202) 380-9355
Fax: (202) 499-1370
peter.silva@gowengroup.com